To The United States District Court
For The Western District Of Wisconsin

James Alfred Smith, Jr
    Plaintiff      Case No. 16-CV-10   DOC NO
v.         REC'D/FILED

William Pollard, et al,
    Defendants,    2016 JUN 27 PM 12:56

James Alfred Smith Jr.,
    Petitioner    Case No 16-CV-09
    PETER OPPENEER
    CLERK US DIST COURT
    WD OF WI
v.

William Pollard,
    Respondant

## Notice of Appeal to the United States Court of Appeals for the Seventh Circuit

James Alfred Smith Jr, the Plaintiff and Petitioner in the above captioned cases is hereby giving notice of appeal to the United States Court of Appeals for the Seventh Circuit in a submitted proposed civil action under 42 U.S.C. § 1983 together with a petition for a writ of habeas corpus that were Intertwined - Interlaced and twined together, but the cases were seperated by the District Court in deliberate indifference to the nature of suit pursuant to 530 suit code presenting a Federal Question; "Does the Americans with Disabilities Act Protect Defendants in State Prosecutions"? This omission by the District Court has prejudiced Smith, as that court juggled the two cases and denied appointment of counsel. However, the Plaintiff Petitioner recen (recently) filed Motion for Appointment of Counsel under Title II of of the ADA. The District Court has denied and ignored all claims under Title II of the ADA after attempting to explain the situation that Smith presented a Certified Federal Question in Habeas action and (and) a § 1983 action requesting injunctive relief the correct the constitutional deprivation in court proceedings under Title II of the ADA. However, the Court disregarded Smith's pleas, omitting his ADA claim in Smith v. Pollard 16-CV-09, ordering him to file a amended petition that complies with instructions in a earlier order by July 1, 2016.

   The Petitioner submitted "Motion for Appointment of Counsel under Title II of the ADA informing the District Court that Smith submitted a letter directed to Hon. Stephen Crocker Magestrate Judge in case No 16-CV-009 and 16-CV-010. Informing the court that I am disabled with a mental illness protected by the ADA. Therefore I presented a federal question to that court "Does the Americans with Disabilities Act Protect Criminal Defendants in State Prosecutions? The Court issued Notice of Electronic Filing in deliberate indifference filed on June 21, 2016 omitting Smith's ADA claim's in Smith v. Pollard 16-CV-10, contending that

LEGAL 270032

it was too early to decide whether the demands of this lawsuit exceeds plaintiff abilities to handle it on his own. Citing Pruitt V. Mote, 503 F. 3d 647 (7th Cir. 2007). Further stating "The court is going to hold a telephone preliminary pretrial conference soon. During that phone call, I will talk to plaintiff about his specific concerns in this case and I will take those concerns into account when considering plaintiffs future request for assistance recruiting counsel. For now, however, Plaintiff's motion is denied without prejudice. Therefore, the Plaintiff is compelled to Appeal this discriminatory order issued 6/21/2016 in case Smith V. Pollard 16-CV-10 and order date 6/17/2016 in case Smith V. Pollard 16-CV-09, to the United States Court of Appeals for the Seventh Circuit presenting two Certified Federal Questions Does the Americans with Disabilities Act Protect Criminal Defendants in State Prosecutions? If so, create a training program for Criminal Justice and Law Enforcement on how to identify disabled defendants in police Interrogations and court proceeding under Title II of the ADA. And Does Title II of the Americans with Disabilities Act require Appointment of Counsel upon Request or does the court have grounds to evaluate the individual before appointment of Counsel?

    Smith believes that the District Court is inadvertently decriminating against him in deliberate Indifference to his ADA claims after informing the District Court that he is a qualified individual with an intellectual disability. Smith informed the court that he suffered a brain injury, trauma, tramatic head injury, the results which are expected to last indefinitely which constitutes a substantial handicap to the individual and Smith has been diagnosed with attention impairment, conition impairment, language impairment, memory impairment and conduct disorder to such extent that he requires care and treatment for his own welfare. His memory impairment grossly impairs judgment, behavior and his ability to meet ordinary demands of life. Plus he has a learning disability. How could the District Court evaluate Smith over the phone with all these obsticles to overcome when Smith also informed the court he is afraid to come out his cell and has refused to come out his cell for anything. So the District Court will be unable to hold a fair hearing as to the extent of Smith's disability.

    Therefore, Mr. Smith is compelled to Appeal to the U.S. Court of Appeals for the Seventh Circuit due to discrimination by the district court. Under penalty of purjury I declare the foregoing is true and correct Dated this 23rd day of June 2016

Very Truly
J. H. Smith