IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

    Plaintiff,

v.

WILLIAM POLLARD AND EDWARD WALL,

    Defendants.

OPINION and ORDER

Case No.  16-cv-10-slc

*Pro se* plaintiff James Smith filed this case in January 2016, claiming in a 67-page single-spaced complaint that various state and local government officials had violated his constitutional rights in a number of ways.  He also filed several supplemental motions, including motions for injunctive relief and several motions for assistance in recruiting counsel.  After sifting through all of his filings, I granted Smith leave to proceed *pro se* on an Eighth Amendment claim that William Pollard, former warden of the Waupun Correctional Institution, and Edward Wall, former secretary of the Wisconsin Department of Corrections, ignored his allegations that he was being sexually harassed and assaulted.  *See* dkt. 18.  I denied all of Smith's supplemental motions, explaining why he was not entitled to injunctive relief or appointment of counsel.  Since then, Smith has filed an appeal to the Seventh Circuit, as well as additional motions for appointment of counsel.  His requests for counsel have been denied and his appeal is still pending.

Smith continues to file motions with the court.  His latest motions are: (1) a 21-page single-spaced motion for a preliminary injunction, dkt. 40, and (2) a 19-page single spaced motion asking that he be allowed to introduce evidence based on pleadings and "forfeiture of wrongdoing," dkt. 42.  For the reasons explained below, both motions will be denied.

OPINION

I.  **Motion for a Preliminary Injunction.**

Plaintiff filed a motion titled "Motion for a Preliminary Injunction," but his motion suffers from several fundamental problems. *First*, plaintiff's motion is procedurally defective because it fails to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to him with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff has neither submitted proposed findings of fact nor any evidence to support those findings.

*Second*, his motion is not clearly tied to the claims on which he is proceeding in this case. His motion for a preliminary injunction contains allegations and arguments regarding retaliation, the prison grievance system, a refusal by the DOC and DOJ to launch a criminal investigation, witness tampering, healthcare, access to the courts, mail censorship, false conduct reports, due process violations and more. But any request for injunctive relief must necessarily be tied to the specific claims on which plaintiff is proceeding in this case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Neuroscience, Inc. v. Forrest,* No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint); *Dudgeon v. Fiorello*, 06–C–563–C, 2007 WL 5517460 (W.D. Wis. Jan. 31, 2007) (same); *Williams v. Nelson*, 04–C–774–C, 2005 WL 840358 (W.D. Wis. Apr. 1, 2005) (same). The *only* claims in this case are plaintiff's claims that defendants Pollard and Wall

violated his Eighth Amendment rights by failing to protect him from a substantial risk of sexual assault.  None of his allegations, however, suggest that the court needs to enjoin Pollard, Wall or any other prison official for actions related to the claims on which plaintiff is proceeding.

To be sure, plaintiff includes in his motion for a preliminary injunction several allegations relating to sexual assaults and harassment.  These allegations about past events, however, do not support an inference that Pollard or Wall are continuing to engage in conduct that presents a risk of harm to plaintiff.  Indeed, because Wall is no longer employed at the DOC and Pollard is no longer the warden of Waupun, it is difficult to imagine a scenario in which a preliminary injunction against the defendants would be appropriate in this case.

Plaintiff includes several allegations relating to Anthony Meli, who apparently is the current security director at Waupun.  However, plaintiff is not proceeding on any claim against Meli in this case, as Meli is not a defendant.  To the extent plaintiff believes he has a claim against Meli that is sufficiently related to his claims against Pollard and Wall such that all of the claims should proceed in the same lawsuit, then plaintiff may request leave to amend his complaint to add such a claim.  At this point, however, plaintiff has not done so and his allegations regarding Meli's actions cannot be a basis for injunctive relief.

*Third*, it is not clear from plaintiff's motion *what* injunctive relief he is seeking.  Injunctive relief must be specific and narrowly tailored to address only the specific risk of harm faced by the plaintiff.  Here, plaintiff's numerous allegations of misconduct are so far-ranging that it is not clear what type of relief plaintiff believes he is entitled to.

*Finally*, and perhaps most importantly, plaintiff's motion does not come close to meeting the standard for obtaining a preliminary injunction.  "A preliminary injunction is an

extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012). If the moving party satisfies these threshold requirements, then the court must balance the irreparable harm the moving party will suffer if relief is denied against the harm the non-moving party would suffer if preliminary relief is granted. *Id.* The court must also consider the "public interest in granting or denying an injunction." *Id.* Although plaintiff has been permitted to proceed on his claim against Pollard and Wall, he has not yet demonstrated a strong likelihood of success on the merits. Nor has plaintiff demonstrated that he will suffer irreparable harm for which he has no adequate remedy at law. Accordingly, his request for preliminary injunctive relief will be denied.

II. **Motion Regarding Evidence.**

Plaintiff's motion regarding admission of evidence, either under the exceptions to hearsay for "forfeiture by wrongdoing" or for any other reason, will be denied as premature. Although plaintiff spends pages arguing about the wrongdoing of various prison officials – and officials involved in the prison grievance process in particular – it is not at all clear from his motion what type of evidence he is attempting to admit, how the evidence would be relevant to his claims against Pollard and Wall, or why he believes an exception to hearsay would be necessary. At this stage, there is no reason for plaintiff to be submitting any evidence to the court. That being said,

if plaintiff believes a hearsay exception should apply to some *specific* document or other evidence that he needs to submit to file or respond to a motion for summary judgment, he should identify the evidence and the applicable exception at appropriate time. However, the court will not grant his overly broad motion to admit unspecified evidence.

### III.   Going Forward.

Plaintiff has shown throughout his many filings that he is an enthusiastic advocate for himself and that he will notify the court when he believes his rights have been violated. Each time he has asked the court for assistance, This court has carefully reviewed his allegations and arguments and then ruled accordingly. It is clear, however, that plaintiff has trouble focusing solely on the claims on which he has been allowed to proceed in this case. Plaintiff should be aware that his habit of including in his filings allegations of numerous wrongdoings by government officials will not help him prove his claims. Instead, such filings distract from the issues that are relevant to his actual claims in this lawsuit.

Going forward, plaintiff should attempt to focus on the specific claims against Pollard and Wall on which he has been allowed to proceed. Plaintiff should review the procedures about to prove his claim both at summary judgment and trial, as described in the Pretrial Conference Order, dkt. 36, a copy of which is attached to this order. If plaintiff believes that other government officials have taken actions against him that have violated his constitutional rights, then he will have to file separate lawsuits against those individuals.

ORDER

IT IS ORDERED that:

1. Plaintiff James Smith's Motion for a Preliminary Injunction, dkt. 40, is DENIED.

2. Plaintiff's Motion Regarding Evidence, dkt. 42, is DENIED.

Entered this 7th day of October, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge