In The United States District Court
For The Western District of Wisconsin

James Alfred Smith Jr.
    Plaintiff, Appellant,

    v.

William Pollard et al.
    Defendants. Appellee,

Case No 16-CV-10-slc
Appeal No. 16-2759

Notice of Appeal to the United States Court of Appeals for the Seventh Circuit
From a 10/07/2016 Order by the U.S. District Court Western District of Wisconsin

The Plaintiff James Alfred Smith Jr. hereby gives notice of appeal to the United States Court of Appeals for the Seventh Circuit From a October 7, 2016 Order by Magistrate Judge Stephen L. Crocker in the US District Court for the Western District of Wisconsin on appeal to the Seventh Circuit in Appeal No. 16-2759. The Appellant appeal the District Courts order dated June 2, 2016 omitting his ADA-Americans with Disabilities Act claims against Schimel, the (WDOJ), the (WDOC) Kremers and Milwaukee County Circuit Court. Who were dismissed from case in motion for Injunctive relief and Motion for Assistance in Recruiting counsel under the ADA. However, the District court Granted leave to proceed of his Eighth Amendment failure to protect claims against defendants Pollard and Wall, However, due to continuing harm as a result of retaliation by prison officials, I was compelled to petition the district court for relief due to a rape (sexual assault) and imminent danger of harm requesting a Preliminary Injunction to prevent the defendants from threatening or harming me. I requested my statement in my pleadings to be used as evidents in the forfeiture of confrontation by wrongdoing.

The District court omitted my Federal Question Presented for review of various aspects of my criminal conviction in the Milwaukee County Circuit Court, including sexual assault by State actors while acting under color of State Law. However, the court misconstrued the §1983 case contending that Smith appears to be asserting two general Claims: (1) that the Americans with Disabilities Act should protect — criminal defendants in state prosecutions and that because it does not, various Milwaukee County Circuit Court and Police Department employees violated his constitutional rights during his criminal prosecution: and (2) the dismissal of his inmate complaints related to an alleged sexual harassment and assaults that he has endured while incarcerated violates the Prison Rape Elimination Act. However, I presented the Federal Question "Does the Americans with Disabilities Act Protect Criminal Defendants in State Prosecutions?"

The ADA prohibits a public entity from discriminating against a qualified individual with a disability on account of the individuals disability. 42 U.S.C. § 12131. The statute further defines public entity to include: (A) any state or local government: (B) any depart-

LEGAL 270032

LEGAL 2700032

ment agency, special purpose district, or other instrumentality of a State or states or local government; and (c) the National Rail road Passenger Corporation, and any other commuter authority (as define in section 24102(4) of Title 49). 42 U.S.C § 12131 (1).

The Rehabilitation Act provides, in pertinent part that no otherwise-qualified individual with a disability... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefit of, or be subjected to discrimination under any program or activity receiving Federal Financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 USC § 794(a). The statute further defines program or activity to include all of the operations of - a department, agency, special purpose district, or other instrumentality of a State or a local government. 29 U.S.C § 794(b).

The actions by U.S. Magistrate Judge Stephen L. Crocker were advanced sparingly and as a last resort omitted all my ADA and Due Process grounds for relief in violation of Title II of the ADA. On July 15, 2016, the District court discriminated against the Appellant in which that court found that its June 2, 2016 order is not a final decision applicable under 28 USC § 129) and it is not appealable as of right under 28 U.S.C. §1292(a). Therefore the court construed my notice of appeal as a request for certification or leave to pursue an interlocutory appeal under 28 U.S.C. § 1292(b). Ordering that request to take an interlocutory appeal is denied. The court certified that my appeal was not taken in good faith under Fed. R. App. P. 24 (a) (3). Therefore the Appellant Filed Motion for Rule 35 En Banc Determination in the U.S. Court of Appeals for the Seventh Circuit No. 16-2759, on the grounds of obstruction of justice by Judge Crocker in violation of 18 U.S.C. §1503 and §1512. Contending the district court deliberately misconstrued, omitted and misapprehended my ADA claim. I affirmed under penalty of perjury that I am a qualified individual with a disability protected by Title II of the ADA.

Prisoners may avail themselves of the statutory protection that ensure the disabled reasonable accommodations afforded by Title II of the Americans with Disabilities Act. 42 U.S.C § 12131, et seq. Title II and §504 of the Rehabilitation Act of 1973. 29 u.s.c. § 784(a) (see tion 504). The ADA applies to all state and local government programs even those that do not receive Federal funding, but not the federal government. The ADA, therefore, applies to all state and local correctional facilities, but not federal correctional facilities. See e.g. Pennsylvania Dept. of Corr. V. Yes Key, 524 U.S. 206, 213 (1998) (finding that Title II unambiguously allows a prisoner to sue a state prison). The Rehabilitation Act applies to any state or local government program that receives federal financial assistance. The Rehabilitation Act therefore applies to all state prisons, because all states accept federal funds for their prisons, but uncertain applicability to local and federal correctional facilities. See Cutter V. Wilkinson. 544 U.S. 709, 716 n. 4 (2005).

Injunctive and declaratory relief is available under Title II and section 504. See Finney. 437 U.S. 678, 690 (1978) (even if the Eleventh Amend

ΓΕCΛΓ·SΣ0035

ment grants the States an immunity from retroactive monetary relief... state officers are not immune from prospective injunctive relief (citing Ex parte Young. 209 U.S. 123 (1908) and Edelman v. Jordan 415 U.S. 651 (1974); McCarthy v. Hawkins, 381 F. 3d 407 417 (5th Cir 2004): Henrietta D. V. Bloomberg 331 F.3d 261,288 (2d Cir. 2003). There is a pervasive risk and constant threat that requires an injunction correcting conditions that create the risk of harm and threat. See e.g. Withers V. Levine, 449 F. Supp, 473 (DMd 470 F. Supp(1979) On August 5, 2016, the District Court held a recorded telephonic - preliminary conference, in which I informed the court that I had been recently assaulted by prison officials in connection to that hearing, but the court informed me that nothing could be done about it at that hearing. That I should write the court in a letter informing it of the situation, however I was excluded from participation in the telephonic preliminary conference when the court failed to pro vide information I requested about the discovery procedure, Indi cating that I probably wouldn't remember any of it anyway in dis- crimination of my intellectual disability (memory impairment) and denied benefit of counsel. Thereby subjecting me to discrimination in court proceedings under the §1983 PLRA in violation of Title II of the ADA, because the court refused to provide me with reasonable ac commodations, 42 U.S.C. § 12131, et seq (Title II) and § 504 of the Re ha bilitation Act of 1973. 29 U.S.C. § 794 (a) (section 504). The defendant moved the plaintiff to a cell with a known gang member after he com plained of threats by gang members to stab him to death, and two days before the scheduled telephonic preliminary telephonic pre-trial conference on 8/03/2016. The plaintiff was beaten and sexually assault ed by one of those same gang members, and thus a fact finder could reasonable conclude that the defendant knew of a substantial risk of harm. See Lyons V. Holden-Selden. 729 F. Supp. 2d 914 (ED. Mich 2010). (defendants knowledge of and acquiescence in unconstitutional conduct by others, where the applicable standard is deliberate indif ference, a plaintiff may state a claim of supervisory liability. Raden V. Slykhuis, 651 F. 3d 966 (8th cir. 2011). Holding that consistant with Iqbal, a supervisors knowledge of and acquiescence in unconstitu tional conduct by his or her subordinates. Bare knowledge of a plot to kill the plaintiff and a failure to give warning to appropreate authorities is sufficient. Mastrangelo, 693 F. 2d 269, 273-74 (2d Cir 1982).

The defendants succeeded while acting under color of state law in procuring the unavailability when I was forced to appear 8/5/16 injured, unprepared, and denied access to the court coupled with the nexus between the wrongdoing and unavailability see Giles, 128 s. Ct. at 2693 (violence by prison officials to dissuade me from resort ing to §1983 PLRA and include conduct designed to prevent testimony in court proceedings in cooperation of criminal prosecutions. In some situations, the nexus is self-evident, such as in a case where the defendant kills a witness because the defendant fears the witness may incriminate the defendant U.S. V. Johnson, 219 F.3d 349, 355-56 (4th Cir. 2000); See also U.S. V. Miller 116 F. 3d 641, 669 (2d Cir.1997) Be cause the narrower application of forfeiture by wrongdoing, which

LEGAL 270032

Giles found was codifide in the section 804(b)(6) of the Federal Rules of Evidence, now governs Wisconsin. See generally State V. Baldwin, 330 Wis. 2d 500, 517-23 (ct. App. 2010), citing 128 S. ct. at 7682-87, 7693 citing Fed.R. Evid. 804(b)(6). Federal cases interpreting Rule 801(b)(6) - are persuasive in interpreting the forfeiture by wrongdoing doctrin under the confrontation clause, see State V. Boettcher, 411, 415 n.2 (ct. App. 2000) where a state rule mirrors the federal rule, that consider Federal cases interpret ing the rule to be persuasive authority. My investigation shows that the de fendants engaged or acquiesced in wrongdoing and that wrongdoing was de signed to dissuade me from testifying in the strangulation of the record ed telephonic preliminary pretrial conference on August 5, 2016.

The United States Court recently reaffirmed the wrongdoing forfeiture doctrine, which the court previously explained extinguish es confrontation claims on essentially equitable grounds. Gile V. Cali fornia, 128 S. ct. 2678, 2682-83(2008) (explaining that the common-law doctrine permits testimonial statements... even though they were uncon fronted): Crawford V Washington 541 U.S. 36, 62 (2004). The Supreme court affirmation continues the bedrock principle that if a defendant keeps the witness away, the defendant cannot insist on his privilege to confront witnesses at trial. Reynolds V. U.S. 98 u.s. 145, 158 (1878). The recognition that the defendant may forfeit his right of confrontation through his own wrong. Id. at 159. Congress ultimately codified the doctrine as an exception to the hearsay rules by permitting the admission of hearsay statements offered against a defendant (party) that has engaged or acquiesced in wrongdoing that was intended to and did procure the unavailability of the declarant as a witness. U.S. V. Dhinsa 243 F. 3d 635, 652 (2d Cir. 2001) (quoting Fed. R. Evid. 804 (b)(6); see also Giles 128 S. Ct at 2687.

The Wisconsin Supreme Court formally recognized the forfeiture by wrongdoing doctrine in State V. Jensen, 299, Wis. 2d 267, 289-90(2007) Jensen placed the burden upon the state to prove the application of the doctrine by a preponderance of the evidence. Id. at 302-03. I submitted hearsay statements to the district court as a stipulation of the facts in preliminary injunction motion and a statement of the re cord facts proposed requesting an evidentiary hearing in presenting a precisely tailored set of factual proposition for a decision in my favor. I exercised due diligence and good faith in attempting to secure the facts in statements admissible against the defendant without regard to the - nature of the charges of trial in which the declarants statements are offered because the rule does not limit the subject matter of admissible statements only the events at issue in the trial in which the statements are offered. Grey, 405 F. 3d at 241. The rule requires expensive admissibility of the missing declarants statements on - equitable grounds because the admission of the victims prior state ment's in a litany of complaints in a multi-step grievance system in which the improper screening out of administrative remedies ren dered unavailable for purposes of PLRA at least partially offset the perpetrator's reward for his misconduct. U.S. V White, 116 F. 3d 903, 911 (D.c. Cir. 1997). State officials acting under color of state law engaged or acquiesced in wrongdoing when acting alone or in conspira cy with subordinents/gang members, employ an action to silence me as a witness, see Houlihan, 92 F. 3d at 1279 (citing several cases were courts

LEGAL 27/0032

found misconduct by the defendant. The most evident form of miscon
duct occurs when the defendant murders the declarant, but misconduct
also includs the use of threats and violence but misconduct also in
cludes the use of threats and violence. White, 116 F. 3d at 911. Wrong
doing also occurs when the defendants refuse to disclose the where
abouts of a witness against him. I reported sexual assault to clini
cian Dr. Charles but I was informed he no longer works at WCI by
prison officials who refused to disclose his whereabout, obstruct
ing the administration of justice. Houlihan, 92 F. 3d at 1279, citing
Reynolds, 98 US. at 158; see also Commonwealth V. Szerlong, 933 N.E.
2d 633, 640 (Mass 2010) (the wrongdoing that may justify forfeiture
need not be criminal). An appellate court properly has noted that a
defendant need only tacitly assent to wrongdoing in order to trig
ger the Rules applicability so the actions of others may be attribut
ed to the defendant when the defendant either engaged in conduct
with co-conspirators or acquieced to the conduct of others. U.S
V. Rivera, 1112 F. 3d 562, 567 (4th Cir. 2005).

state actors, acting under color of state law engaged in wrongdo
ing by actually initiating a conspiracy with gang members of the
prison gang Symon City Royals to attempt to prevent me from add
ing in the prosecution of case No. 16-cv-10-slc by transferring me to a
cell that housed a known violent gang member. Who accussed me of snitch
ing on his folks, and attacked me, beating me up and sexually assault-
ing me. A cover up ensuid and I was denied medical treatment for my
injuries on 8/03/16 after reporting the assault to sgt Winters. Lt. Radke
placed me in TLU- Temporary Lock up status in segregation. My legal pro
perty was confiscated in retaliation for exercising my First Amend
ment right to petition the court for relief due to my scheduled telepho
nic preliminary pretrial conference on August 5, 2016. Atkinson V. Tay
lor, 316 F. 3d 257, 270 (3rd Cir. 2003) First Amendment violation-
stated when prison officials move inmate to administrative segrega
tion and denied legal materials to obstruct the due administration
of justice by the unlawful influence of gang members to empede the
telephonic hearing through deceptive conduct of a person in connection
with official proceedings. The actions of the defendant are analogous to
the actions by the defendant in Steele V. Taylor, 684 F. 2d, 1193, 1199, 1202 (7th
Cir. 1982) (where the appellate court upheld the district courts finding that
the witness was under the control of the defendant's who had procured
her refusal to testify dispite no finding that the defendants threaten
ed her); U.S. V. Carlson, 547 F. 2d 1316, 1353, 1359 (8th Cir. 1976)(find
ing misconduct on the part of the defendant despite having only general
information about defendants threats, described simply as highly sug
gestive of threats and intimidating overtures directed toward the
declarant by the defendant); see also U.S. V. Mastrangelo, 693 F. 2d 869
873-74 (2nd Cir. 1992) (Bare knowledge of a plot to kill the victim
and a failure to give warning to appropriate authorities is suffi-
cient). In Steele V. Taylor, 684 F. 2d 1193, where the court held that wrong
ful conduct includes use of force and threats but has also been held
to include persuasion and control by a defendant, the wrongful nondis-
closure of information and defendant's direction to a witness to exer-
cise the fifth Amendment privilege. Id at 1201. In that case the court

LEGAL 270032

found that the control of a prostitute by her pimp could amount to wrongful conduct when she used to instruct the witness not to testify. On or about March 1, 2016 Secretary of the Wisconsin Department of Corrections Edward Wall was replaced with former secretary Jon E. Litscher as the new secretary of the (DOC) and Warden William Pollard was transferred and replaced by a new warden Brian Foster to head the administration of Waupun Corr. Insti. who has transferred and and threatened witnesses to procure their unavailability to testify as to the facts contained in my lawsuit. Therefore I requested the district court to find by a preponderance of the evidence that the defendants engaged or acquiesced in wrongdoing to procure the unavailability of witnesses to testify as to the facts in my request for Preliminary Injunctive Relief. Both prospective and retrospective relief implicated Eleventh Amendment concerns but remedies designed to end a continuing violation of Title II of the ADA in state court proceedings implicate the federal interest in assuring the supremacy of federal law. See Green V. Mansour, 474 U.S. 64, 68 (1995) also see Will, 491 U.S. at 89-90. Although relief that serves to compensate a party injured in the past is impermissible, relief that serves to bring an end to present violations of Title II of the ADA in criminal court proceedings is not barred by the Eleventh Amendment. eventhough accompanied by substantial ancillary effect in court. See Papasen V. Allam, 478 U.S. 265, 278 (1986). Because suits seeking prospective relief are treated as suits against the state plaintiff may seek relief under §1983. See Will, 491 U.S. at 71 n. 10; see also Mo V Agyei ex rel Jenkens 491 U.S. 274, 284 (1989).

Courts have ruled that a defendant intended to procure the declarants unavailability when the evildoer was motivated in part by a desire to silence the witness; the intent to deprive the prosecution of testimony need not be the actors sole motivation. Houlihan, 92 F. 3d at 1279 (emphasis added): see also Dhinsa, 243 F. 3d at 654; Szerlong, 933 N.E. 2d at 641 (a court does not need to find that making her unavailable as a witness was the defendants sole or primary purpose ... it is sufficient that it was a purpose). On a question of intent, the proponent to a forfeiture by wrongdoing motion may rely on circumstantial evidence as I presented in a litany of returned and rejected PREA Prison Rape Elimination Act complaints made in prison multistep grievance system as the defendant rarely provides an explanation for his or her purpose but such reliance on circumstantial evidence does not deminish the strength of the proponents position because this element may be based in whole or in part upon circumstantial evidence. Cal. ct App. (2009) (permitting a court to reasonably ... infer intent through implied findings). Therefore, the prosecutor need only demonstrate, either directly or circumstantially, that the defendants wrongdoing occurred, in part to silence a potential witness against him.

The defendants acting under color of state law intended to procure my unavailability which is clearly demonstrated from the evidence. submitted to the district court for injunctive relief requesting summary judgment for Preliminary Injunction to prevent the defendant from threatening or harming me. It is more clearly demonstrated then in my request for relief at the 8/05/16 telephonic preliminary pretrial conference in which the court directed me to submit facts to the court where the court recognized only partial intent in the district courts 10/07/16

LEGAL 270032

Order on Motion for a Preliminary Injunction. Which is misleading and dis
criminatory in violation of Title II of the ADA contending the motion suf
fers from several problems but refused to allow counsel representa
tion. Noting my motions were procedurally defective because it failed
to comply with courts procedure for obtaining preliminary injunctive
relief. In deliberate indifference the district court omitted evidence sub
mitted in the multi step grievance system, in which prison officials failed
to respond to PREA complaints within time limits established in the pri
son grievance systems rules due to improper screening out of administra
tive remedies that caused sexual assaults and harassment and abuse
to continue unabated that rendered administrative remedies unavai
lable. for purposes of PLRA. See White V. McGinnis, 131 F. 3d 593 (6th cir.
1997); see also Sapp v. Kimbrell, 623. F. 3d 813 (9th cir. 2010) (prisons impro
per screening out of administrative appeals may render administrative
remedy unavailable for purposes of PLRA. However. the court found motion
for preliminary injunction did not come close to meeting the standard
for obtaining a preliminary injunction. However the court had adamant
ly refused to appoint counsel under Title II of the ADA due to my intellectual
disability that caused no adequate remedy in the law and has caused me to
suffer irreparable continuing harm while being denied PREA Protections.

The district courts misleading statements that I filed many motions to
manipulate the appellate court into believing I am basically proceeding in
the lower court while my appeal was pending. However I was compelled
by my conditions of confinement to seek injunctive relief to stop
the unabated sexual assaults, abuse and harassment by prison officials
acting under color of state law to intimidate me and obstruct the
due administration of justice. However the district court noted going
forward, that it was clear however that plaintiff has trouble fo-
cusing solely on the claims on which he was allowed to proceed in
this case. That my habit of including allegations of numerous wrong-
doings by government officials will not help him prove his claims. I
submitted circumstantial evidence, a stipulation to facts and state
ments in the claim for a finding of continuing harm to prove at a
evidentuary hearing. Because the standard of proof in this situation is only
a preponderence of the evidence. the court should find that the defendants
actions were a cause of the plaintiffs unavailability in my motion to admit
my statements under forfeiture by wrongdoing in which the district court mis
construed as Motion Regarding Evidence admission, either under the ex-
ception to hearsay for forfeiture by wrongdoing or for any other
reason. In deliberate indifference the district court rejected evidence involved
in the prison grievance process because it wasn't clear from my motion
what type of evidence I was attempting to admit. However my mo
tion clearly stated the fact that I was denied PREA Protections in the denial
of administrative remedies in the failure of the (ICRS) Inmate complaint.
Review System to forward my complaints to the warden for investi
gation as codified in EN 72 pursuant to PREA protocal in which the ICRS
actions were the cause of the witness unavailability in a PREA Report
in which state actors attempted to prevent me from reporting to the district
court that caused my unavailability. See Id. at 306 w's 2d at ¶ 18. 743 N.W.
2d at 466. In U.S.V. Rivera. The court reasoned that : Such proof would com
pell the state either to find the missing witness and persuade him to testify

LEGAL 270032

about whether

about whether he was intimidated (which would remove Crawford confrontation issues because he would no longer be unavailable or to persuade Luis (the third party) to incriminate himself by admitting wrongdoing. I submitted proof to the district court by a preponderence of credible evidence, that prison officials acting under color of state law more likely then not caused my assault on 8/03/2016 by gang members and that misconduct was a cause of my injuries and unavailability to proceed on my motion for an evidentuary hearing. See e.g. United States V. Saulter. 60 F. 3d 270, 260 (7th cir, 1995 (to prove by a preponderence of the evidence means that it is more likely then not that the examined action occurred. Id. See US V. Rivera, 412 F. 3d 562, 567 (4th cir, 2005). I requested that the district court find by a preponderence of the evidence that state actors forfeited the right to confrontation through their own misconduct thereby permitting the introduction of my pleadings as testimony and testimonial evidence because state actors caused the unavailability of the witness. Requesting the court to consider my statements as out of court hearsay evidence. However, I filed relevant grounds for injunctive relief in a Preliminary Injunction Motion but the district court denied me due process and equal protection in discrimination that violated Title II of the ADA in the failure to allow reasonable ecommodations in the appointment of counsel.

I was allowed to proceed under the only exception to three strikes provision (28 U.S.C. § 1915 (S), rule because I was at risk of suffering serious physical injury in the immediate future; Consequently I have been beaten and viciously raped by gang members on 8/03/2016, in connection with official proceedings in the U.S. District Court. The informa pauperis law 28 use §1915 (e) (1) allows a U.S. District Court Judge to request an attorney to represent any person unable to afford counsel. On the basis of this law, district judges have appointed lawyers for prisoners who filed section §1983 suits on their own. Generally - when deciding when deciding whether to or not appoint a lawyer for a plaintiff. The lower court would consider:

How well the plaintiff presented his case, how complicated the legal (legal) issues, does the case require investigation that plaintiff would not be able to do because of his imprisonment, will credibility (whether or not a witness is telling the truth) be important so that a lawyer will need to conduct cross-examination, will expert testimony be needed and can the plaintiff afford to hire a lawyer on his own. These factors are listed in Montgomary V. Pinchok, 294 F. 3d 492, 499, (cir 2002). Courts apply a test that asks whether an attorney would make a difference in the outcome because the plaintiff claims to be a qualified individual with an intellectual disability (memory impairment) protected by Title II of the ADA that limits his ability to prosecute his §1983 PLRA civil rights complaint on his own. See Farmer V. Hoos, 990 F. 2d 319, 322 (7th cir, 1993).

Unfortunately, appointment is usually at the discretion of judges which means that if a judge doesn't want to appoint counsel to accommodate a needy party under Title II of the ADA he or she does not have to under the law and the intellectually disabled party is unlikely to be able to challenge that by an appellate appeal. On the other hand there have been a few cases in which a court held that an

Court judge. abused discretion. Consequently Magistrate Judge Stephen L. Crocker has abuse decretion in the denial of appointment of counsel to accommodate my intellectual disability. after submitting evidence that the Social Security found that I am disable. Greeno V. Daley, 414 F. 3d 645 (7th Cir. 2005). This court found that the judge abuse his discretion because the plaintiff case would likely require expert testimony, and the plaintiff would have to serve process on seven defendants. In Parham V. Johnson. 126 F. 3d 454, 461 (3rd Cir. 1997) another Court of Appeals said that "where plaintiff case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel. In general, whether a intellectually disabled plaintiff is appointed counsel has a lot to do with how strong his case looks to a judge. If the judge thinks a case has no merit, he or she will not want to appoint counsel, but if the plaintiff gives the court some evidence that would support his version of the important facts, then there is a real dispute and his case should go to trial with appointed counsel. Therefore I submitted evidence from the Social Security Administration dated 10/14/2013 in response to my request for reconsideration That office responded stating in the letter "Things you should Know, Although you are not eligible due to your incarceration; we have determined that you are disabled. This presents a genuine issue of whether a judge can adequately measure a parties ability to adequately prosecute his case without the appointment of counsel, or whether the Title II of the ADA requires appointment of counsel to accommodate all intellectually disabled parties no matter what range of intelligence, or should the court only rely on these specific facts and appoint counsel?

I am presenting a genuine issue of material facts that are so important to the individual with an intellectual disability in court proceedings that could determine whether he or she win or lose if not accommodated. To show a material fact, I presented the fact that I am a qualified individual with a disability protected by Title II of the ADA. I informed the district court that I have been diagnosed with several mental illnesses in which I was relying on those specific facts in which I suffered a traumatic brain injury. the result are expected to last indefinitely which constitutes a substantial handicap to the individual. I have been diagnosed with attention impairment, conition impairment, language impairment, memory impairment that glossly impairs judgment behavier and my ability to meet ordinary demands of life. I have a learning disability. It actually takes me about a week of two to prepare a motion to this court due to my disability. I was appointed counsel by this court in 2009 in habeas corpus action in which this court overturned my Milwaukee county Conviction in case No.1994CF940760 on a Sixth Amendment violation of the constitutional right to counsel. Consequently due to selective and vindictive prosecution. I was railroaded after pleading guilty to the charges against my in Milwaukee County Circuit Court Case No 2013CF2953 but recharged with additional crimes in cases Nos. 2013CF4501 and 2014CF16640 to force

me into a plea bargain. The Milwaukee County Circuit Court violated two Federal Criminal Statutes Section §1512 and §1503 of Title 18 of the United States Code by denying me the constitutional right to plead guilty in misleading conduct with the intent influence testimony in a plea hearing to prevent a guilty plea and delay proceedings. Wis. Stats. 950. DI Basic Bill of Right for Victims and Witnesses. A defendant may request his recorded testimony that relates to the offense charged and Wis. Stats. 904. 10 Offer to plead guilty; no contest; withdrawn plea of guilty; later withdrawn or a plea of no contest or an offer to the court or prosecuting attorney to plead guilty or no contest to the crime charged or any other crime or civil forfeiture action is admissible. A defendant may request his grand jury statements/testimony that relates to the offense charged. Fed. R. Crim. P. 16(a) (1) (A). Various formations have been propose to define the core class of testimonial statements under the Confrontation Clause. These formations all share a common nucleus and then define the Clauses coverage at various levels of abstraction around it. Ex parte in court testimony of its functional equivalent; custodial examinations, prior testimony that the defendant was unable to be examined or pre trial statements that the declarant would reasonably expect to be used prosecutor ially. Extrajudicial statements contained in formalized testimonial material, such as affidavits, dispositions, prior testimony or confessions. Statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use of a later trial. The supreme court of Wisconsin adopted a broad forfeiture by by wrongdoing doctrine and concludes, that if the state can prove by a preponderance of the evidence that the accused cause the absence of the witness, the forfeiture by wrongdoing doctrine will apply to the confrontation rights of the defendant.

The Federal Rules of Criminal Procedure require both an initial appearance held to advise an arrestee of his or her rights and the charges against him or her and preliminary hearing held to determine whether probable cause exist to bind the arrestee for trial. Preliminary Hearing Fed. R. Crim. P. 5.11a) entitles a defendant charged with a none petty offence to a public preliminary hearing before a magestrate. This right is guaranteed only in federal hearings and allows a judicial officer to determine whether probable cause exist to believe that the defendant committed the offence. In state prosecution in the Milwaukee County Circuit Court case No. 2013 CF 2153 after a hearing a trial judge concluded there was probable cause to bind the defendant over for trial. Has the federal court departed from governing legal principles and unjustifiably allowed state courts to violate Federal Rules of Criminal Procedure in criminal prosecutions without disagreeing with the state court procedures that violate constitutional rights of the Confrontation Clause. A decision in this appeal expands Federal § 1983 PLRA complaints review of state convictions to premit federal courts exercise of supervisory power over the con of state prosecutors by nullifying convictions that violate Federal Criminal Procedures because the challenged proceedings produced by methods producing error poses a serious threat to federal - state comity and has so far departed from accepted constitutional principles and statutory requirements as to call for review by this court. The order by the district court is a gross departure from these principles because in conflict directly with no fewer then three decisions of this court.

LEGAL 27/0032

However, the lower court omitted the Federal Question Presented for Injunctive Relief, instead focussing on PREA claims I presented in addition to demonstrate conditions of confinement. Although, the court found claims related to my Milwaukee County criminal proceedings, it found my claims were barred by Heck v. Humphrey, 512 US 477 (1994); contending the Supreme Court's decision in Heck, 512 U.S. at 486-87 prohibits a plaintiff from bringing claims for damages under § 1983 if judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. In other words, to the extent the court found that I am attempting through the 1983 complaint to undo the effects of my state conviction, that I could not bring such claims unless my conviction had already been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal courts issuance of a writ of habeas corpus. Id. at 486-87. However, this court already found I was that I was seeking injunctive relief for systematic accommodations under the ADA in a motion for injunction. Therefore I am not seeking damages or the invalidity of my conviction but injuntive relief to correct the constitutional deprivation in court proceeding under Title II of the ADA and Rehabilitation Act. The Court additionally indicated that I was currently attacking my conviction in a 2254 in Smith v. Foster, 16-cv-09-slc. The court found "In that petition Smith claims that his conviction (criminal proceedings) suffered from a host of constitutional violations, including that he was denied equal protection and due process in violation of the Sixth Amendment because he is intellectually disabled and the prosecution did not comply with the ADA. In his request for relief, Smith seeks a judgment that the ADA applies to criminal prosecutions. Thus, there is complete overlap between the claims he is pursuing in this civil lawsuit and the grounds he is asserting in his habeas petition."

The Supreme Court has held that prisoners can seek damages under Title II if the conditions they are challenging also violate the constitution, see U.S. v. Georgia 546 U.S. 151 (2006)(remanding the case for further consideration after finding that the prisoners claims were evidently based, at least in large part, on conduct that has independently violated the provisions of § 1 of the Fourteenth Amendment incorporating the Eighth Amendment's protection against cruel and unusual punishment). Injunctive and declaratory relief is available under Title II and Section 504. See Hutto v. Finney, 437 U.S. 678, 690 (1970)(even if the Eleventh Amendment grants the States an immunity from retroactive monetary relief, ... state officers are not immune from prospective injunctive relief" citing Ex parte Young, 209 U.S. 123 (1908) and Edelman v. Jordan, 415 U.S. 651 (1974)); McCarthy v. Hawkins 381 F. 3d 407, 412 (5th Cir. 2004); Henrietta D. v. Bloomberg 331 F. 3d 261, 288 (2d Cir. 2003).

Consequently, this slanderous situation has smeared U.S. Magistrate Judge Stephen L. Crocker, who was suppose to be empirical, objective, professional but discriminated against me and denied me access to court proceedings by omitting my Federal Question regarding the ADA systemically repackaging it, to sell as a PREA claim. Yet in a May 16, 2016 letter to Magis

trate Judge Stephen L. Crocker presenting the facts in Smith V. Pollard 16-CV-009-slc and Smith V. Pollard et al 16-CV-10-slc. I presented the facts of those cases based on earlier decisions pursuant to Title II of the ADA and Rehabilitation Act, which demonstrated precedent case law. To show that my rights were violated because of my disability, pointing to good court decisions in earlier cases and discribed how the facts in those cases are similar to the facts in my cases. Showing the general principles of the ADA Title II and the Rehabilitation Act constitutional law that may apply to my situation. Besides arguing from those presidents, I showed how the screening of the (2) cases by the court were different from my claims presented and the facts construed by the court by distinguishing the cases binding precedents and correct the deprivations the court pointed out in his petition. However, the court issued order dated 6/21/2016, finding that I stated that I was generally incapable the matter without the help of an attorney. The court found that it was just too early to decide whether the demands of the lawsuit exceed my ability to handle it on my own. The court ordered that a telephonic preliminary pretrial conference, but denied without prejudiced my request for assistance recruiting counsel. However, on 8/03/2016, the court conducted the Telephonic Preliminary Pretrial Conference. Magistrate Judge Stephen L. Crocker insisted I had filed many law suits and had materials from other lawsuits to confer too. I argued that the court was discriminating against me on account of my memory impairment and I could not remember these other lawsuits. The court also indicated that it would not go over procedures or rather on my request for discovery information. The court stated it would not provide an overview of the way discovery worked or provide background information because I probably would not remember the information any way.

The notice regarding the telephonic preliminary conference states in part, "At the conference the magistrate judge will set the schedule for all proceedings in your case, including a period for discovery, a deadline for filing dispositive motions and a trial date. If you need an overview of the way things work in a federal civil lawsuit, then the magistrate judge will provide you with some background information. You should be prepared to ask any questions you have about how to proceed and to advise the court of anything important in your case that the court does not already know." However, the Magestrate Judge indicated he knew my claims of disability and read all my cases and knew the law and was upholding the law or something to that estant. But the court did not ensure I had reasonable accommodations and discriminated against me on account of my disability 42 USC §12132. I asked what was discovery? The court refused to explain or give any background information and set a date for trial in October of 2017 over a year away. When I objected stating I was in imminent danger and informing the court that I had been assaulted by prison personnel recently on 8/03/2016 in connection with my appearence at that hearing. The court indicated nothing could be done about it at that hearing and directed me to submit to prison authority a complaint and inform the court of those results.

I was excluded from the participation in the telephonic preliminary conference when the court refused to provide information about discovery stating I would remember any of it anyway in discrimination, solely by reason of my disability and denied benefit of counsel and subjected to discrimination in official proceedings in violation of Title II of the ADA.

Its a basic precept of law - everyone is entitled to a day in court. Even murderes are entitled to a defense, and it has to be the best possible, otherwise it would be a charade. As a consequence of that, once in a while, someone is going to be aquited who shouldn't have. Who should get a good defense? A child killer or rapist or the mentally ill? Yes everyone gets the best defense possible, because the may just be innocent of crimes. Once in a while, someone who is guilty walks away. But thats the price paid, because it is better to let ten guilty defendants go free, then to convict one innocent defendant on trumpt up charges by state prosecutions to force intellectually disabled defendants into plea bargains. I claimed that State actors - under color ~~of the~~ of state law have created a delusion in plea bargaining after attempting to enter a guilty plea at my initial appearence May 31, 2013 and at my preliminary hearing June 12, 2013. I was denied access to the court by state actors. who Knowingly engaged in intimidation, physical force, threats, misleading physical force and corrupt pursuasion with intent to influence, delay, or prevent testimony in a plea hearing scheduled for June 18, 2013 with restraints, objects or documents from attending officials proceedings in the Milwaukee county Circuit Court case No. 2013CF002453. My refusal to enter into a plea bargain led to additional charges in selective and vindictive prosecution. See Bordenkircher V. Hayes, 434 U.S. 357, 358-59 (1970). Reasoning that the states unilateral imposition of a penalty upon my decision to plead guilty is very different from the give and take negotiations of plea bargaining between the prosecution and defense. Id. at 362 (quoting Parker V. North Carolina, 397 U.S. 790, 809 (1970). By upping the ante vindictive prosecution may arise from pre-trial increase in severity of charges after defendant asserts protected right. U.S. V. Suarez, 263 F.3d 468, 479 (6th Cir. 2001). Presumption of vindictiveness when government brought more serious charges after defendant refused to plead guilty and proceeded with a motion to dismiss charges. U.S. V. Garza 452 F.2d 886, 907 (9th Cir. 1993). Fact that those who chose to go to trial faced additional charges added. heightened by simplicity and clarity of both the facts and law. U.S. V. Meyers 810 F.2d 1242, 1245-46 (D.C. Cir. 1988).

I requested to plead guilty at my initial appearence in Milwaukee County Circuit Court Case No. 2013CF2453 in accordance with Fed. R. Crim. P. 5(a) which establishes the procedures for an initial appearence in felony cases. A defendant may ask to plead guilty only in an arraignment. Fed. R. Crim. P. 5(4). Fed. R. Crim. P.(10). An unnecessary delay between arrest and initial appearence may violate due process. Baker V. McCollan, 443 U.S. 137, 145 (1979). The Milwaukee County Circuit Court violated my right to enter a plea of guilty at the scheduled initial appearence. After refusing the appointment of counsel and requesting to plea guilty in a Branch Trial, a staff attorney informed Court Commissioner David Sweet of my request to plead guilty and waiver of jury trial and to addressed the court due to the fact I was denied rehabilitation in community-corrections to avail myself of probation in Milwaukee county Circuit Court Cases Nos. 12CM1195 and 12CM552 when the trial court failed to inform me to report to a probation officer or agency after informed that court of my disability due to a memory impairment. see U.S.V. Colclough. 332 F. 622, 634-35 (5th Cir. 2003) also see U.S. V. Mendoza- Cecilia, 963 F.2d 1167. 1173 (11th cir. 1992) defendants admission of guilt at initial appearence is not a (critical) stage requiring presence of counsel. The Milwaukee County Circuit Court Court Commissioner David Sweet engaged or acquiescing in wrongdoing when acting alone or in a conspiracy with Milwaukee County Sheriff David A. Clarke Sr. who had custody of the Petitioner. By court order to silence the Petitioner to prevent me from demanding my right to plead guilty. I was denied access to the court for my initial appearence on May 31, 2013 to prevent my testimony requesting to plead guilty. Thereby obstructing justice? The term obstructing or obstruction

of justice usually refers to violation of U.S.C. § 1503, the Omnibus Obstruction Provision, which prohibits the intentional intimidation and retaliation against grand jury and petit jury members and judicial officers and con things a catch all claus, making it unlawful to influence, obstruct or impede the administration of justice. It may also refer to 18 U.S.C. § 1512 in which prescribes intimidation or intimidating, threatening or corrupt persuading through deceptive conduct of a person in connection with official proceedings.

Pursuant to Section 545(c) of Title 28 the Petitioner James A. Smith Jr hereby submits substantial and credible information that the Milwaukee County Circuit Court Court Commissioner obstructed justice to secure the unavailability of the Petitioner during official court proceedings in the Milwaukee County Circuit Court Case No. 2013CF002453 on May 31, 2013, June 1, 2013 and June 3, 2013. There is also credible and substantial information that Court Commissioner David Sweet actions with respect to an abuse of authority inconsistant with to a judicial officials constitutional duty to faithfully execute the laws.

There is substantial and credible evidence-information supporting the following. The Milwaukee County Circuit Court Court Commissioner David Sweet improperly tampered with a protential witness by attempting to corruptly influence the Milwaukee County Sheriff or court personnel to prevent the petitioner from entering a guilty plea on 5/31/2013, 6/01/2013 and 6/03/2013.

The detrals associated with these grounds are by their nature explicit. The Petitioners testimony in his original Habeas Petition filed in this Matter has rendered the details essential with respect to grounds for relief pursuant to Title II of the ADA.

The Milwaukee County Circuit Court Court Commissioner David Sweet abused his authority in retaliation for my request to enter a guilty plea and waiver of jury trial. By corruptly influenceing court personnal to obstruct justice by provo King confrontations and excessive force, sexual assault and jointly conceal the truth.

The Milwaukee County Circuit Court abused its constitutional authority by covering up any criminal investigation jointly with court personnel. Both Court Commissionor David Sweet and the Milwaukee County Sheriff Department improperly tampered with witness to obstruct justice.

Did the Milwaukee County Circuit Court forfeit personnal jurisdiction by engaging or acquiescing in wrongdoing, which was intended to and procure the unavailability of the Petitioner to enter a plea in his request to plead guilty and waive jury trial.

The Milwaukee County Circuit Court lacked personnal (personal) jurisdiction to proceed due to the denial of the petitioners constitutional right to plea guilty pursuant to Rule 11(a) Fed. R. Crim. P. Entering a plea and conduct my own defense by presenting a guilty plea to the nature and extent of the criminal charges against me in the case of a felony in violation of Wis. Stats. 970. 02(1) (a) and (b) in which the delay prejudiced me in my right to present a defense. By simply explaining to the court that I had been denied treatment for drug and alcohol to avail myself on probation due to unconstitutional sentencing pronouncements in case Nos. 12CM4195 and 12CM5521.

The unnecessary delay between my arrest on May 30, 2013 and my initial appearance June 3, 2013 violated my due process (process) rights. The supreme Court in United States V. Alverez-Sanchez, 511 U.S. 350, 358 (1994) held that delay is usually measured from the time the suspect is arrested on federal charges until his initial appearance. However, I did not waive physical appearence on 5/31/2013, for the scheduled initial appearence in case No. 13CF2453 under the promptness requirement without probable cause for the delay, or demonstration of emergency or extraordinary circumstances. There fore, the nexus is self evident, such as in a case when the defendant-

kills a witness because the defendant fears the witness may incriminate the defendant see U.S.V. Johnson 219 F. 3d 349, 355-56 (11th Cir 1997) also see U.S. V. Muller 116 F. 3d 641 649 (2d Cir. 1997). Milwaukee County Circuit Court Court Commissioner David Sweet misused his authority to intimidate the petitioner with the use of coercion, to insure that he did not enter a guilty plea by request on 5/31/2013. See Davis V. Washington 126 S Ct, 2279 (2006).

Consequently, its a slanderous situation, that would smear the Milwaukee County Judicial System when it was suppose to be the empar icle objective, professional, but some court have biases too. Their are some things they might to know and some things they don't. There are some finding their peers or the public will accept and findings they will find unacceptable. Part of surviving in the judicial system, is to learn how to handle certain information for political reasons, because if you talk about it and process certain situation, it makes you anti American, Your branded. Your not politically correct. your not one of the recognized professionals anymore. All climb aboard and let the judicial system carry us where it will, and we obey those rules because we don't want to be kicked off the boat or put in the hole. Theres an entrenched mentality in place, and you fall in line or you don't last long in this big threshing machine that gobles up the truth and repackages it and sells it. The U.S. District Court Magistrate Judge is very concerned about the quality and stability of the status que for intellectually disable criminal defendants in putting polities ahead of the ADA rights. I feel a obligation toward God to be as honest as I can. The truth can be painful at times and elusive. The U.S. District court Magistrate Judge has taken the truth and cut it up, rearranged it, selected what it wanted and deleted my §1983 action into proceedings just so it'll align with politics and mechanics of the Wisconsin judicial system, what was truly important, was that I remain sensitive to what God was doing and saying and that the truth prevail. Its going to get bigger and it'll be interesting to see how big it has to get before it can't be swept under the rug and not be noticed. You cant sweep an elephant under the rug. The doctored §1983 proceedings in the District Court, falsified screening does not create better people that respect disabled defendants with intellectual impairments that survived their involvement in this matter. What has been gained that is not greater then what we have lost, our character, our integrity, our honor, our sacredness, but arrogance and indecency.

In the District courts opinion my petition was long and disjointed and extremely difficult to determined what questions and defenses I was attempting to challenge and on what grounds. However, in a letter to the court dated 5/16/16, I explained that I was raising a claim of discrimination in violation of Title II of the ADA in court proceedings as the main issued of the certified Question presented for the courts jurisdiction in which I am being held in custody voluntarily, That I was challenging the unconstitutional sentencing pronouncements and carried their in case Nos. 12CN4195 and 12CM53.II in the Milwaukee County Circuit Court convictions because those proceedings violated Title II of the ADA when I was denied admission orientation to probation ordered by the court in unconstitutional sentencing pronouncements. The Milwaukee County Circuit courts failure to accommodate individuals with intellectual disabilities has deterred true rehabilitation for mentally ill defendants sentenced to treatment while on probation, parole or held in custody, constituting deliberate indifference to their serious rehabilitational needs. That would allow offenders to conform his or her conduct to relevent conditions of

release or institutional requirements that comply with court orders. I was prejudiced by the failure to accommodate my intellectual disability in Milwaukee County Circuit Court case Nos, 12cm4193 and 12cm5521, when the court failed to inform me to report to a probation officer or agency, after informing that court of my intellectual disability due to a memory impairment. I was released on probation, but denied due process and equal protection in violation of the Sixth Amendment and Title II of the ADA. I was discriminated against in-court proceeding and forced in to a plea bargain by state actors under color of state law. The failure to provide accommodations for intellectually disabled defendants/Offenders has created a cycle of incarceration, parole and probation recidivism, and deterred true rehabilitation for intellectually disabled offenders due to the unconstitutional court proceedings. see Pain V. Cuson, 678 F.3d 500 (7th cir, 2012). I was excluded from court ordered programs for drug and alcohol treatment protocol with out accommodations for my intellectual disability in court proceedings in case Nos. 12cm4193 and 12cm5521. As a result of the denial of rehabilitation to avail myself in programs and services, I was recharged with violating court orders and repeater offense/crimes on account of my intellectual disability. When the Circuit Court knew my plight after requesting particular accommodations due to memory impairment that led to additional charges in Milwaukee County Circuit Court case Nos 13CF2453, 13CF4501 and 14CF1664. Therefore, I informed the District Court, that I was challenging those convictions on the denial of my constitutional right to conduct my own defense to enter a guilty plea and request a bench trial in case No 13CF2453, the explain that I was denied and excluded from community rehabilitational treatment programs on account of my intellectual disability. I was denied the speedy trial and the constitutional right to request to enter a guilty plea at my initial appearance scheduled for 5/31/13, 6/01/13 and 6/03/13. More over, I was denied the constitutional right to enter a guilty plea at my preliminary hearing dated 6/17/13. After objecting to appointed counsels not guilty plea, informed the court that I wanted to plead guilty. The court scheduled a Plea Hearing on 6/18/2016. However, I was denied access to that hearing and denied right to a jury trial on 10/21/13 under color of state law. Where the court appointed private counsel to my case that stalled delayed and conspired with those state actors to deprive me of my constitutional rights acted under color of state law.

Actions by private persons who are authorized to exercise state authority are examples of conduct that satisfies § 1983 under color of state law requirements. It is sufficient evidence that Attorney Jac qualine Rogers was a willful participant in joint activity with state agents. I am suggesting that state actors under color of state law have creat ed a delusion in plea bargaining, where appointed counsel who conspired with state officials to force me into a plea agreement by brain washing defendants with manipulative techniques in collusion, with state actors under the color of state law. One of the main ingredients in brain washing mental ly ill defendants with intellectual disabilities, is to strip away his sence of innocence to deprive him or her of the fact they've done nothing wrong. All links to the past mean nothing and to substitute constitutional rights, with intimidation under color of state law, in which state public defen ders engaged in misleading conduct, corrupt pursuasion with intent to force intellectually disabled defendants into plea bargaining by delayed process coer cive and deceptive conduct.

At my Preliminary Hearing Dated June 12, 2013 I attempted to plead guilty, so the court could make credibility findings and begin to read from a prepared statement as stated in the following:

My name is James Alfred Smith Jr. I am 42 years old, I read and write English. I am making this statement freely and voluntarily, I understand the charges against me, and I waive the constitutional right to counsel and the constitutional right to a jury trial, because I would rather present my case before the court in a bench trial. I understand this statement pleading guilty will be entered into the court record and I am requesting the court formally find me guilty.

Consequently, after informing private attorney employed by the Wisconsin State Public Defenders Office, that I wanted to conduct my own defense by pleading guilty and explaining to the court that I had been denied excluded from drug and alcohol treatment programs on probation in a statement. I was allowed to address the court but was interrupted by the court who refused to hear my statement, stating I needed a attorney to file a motion. The court forced me to confer with Atty. Mathew Parker, who denied my request to plead guilty, and proceeded to cross examine states-witness in a hearsay statement by arresting officer while the declarant Cheryl L. Smith was present in court and perfectly available to testify. I was shown by the court to plaint testimony by police in a hearsay statement for a probable cause determination to bind me over for trial. In Crawford V. Washington, the U.S. Supreme court distingushed testimony and none testimonial hearsay evidence. Crawford V. Washington, 541 U.S. 36, 68 (2004). That allows police testimonial statements only when the witness is not available and the defendant had a prior opportunity to cross examine the witness. I was denied the opportunity to cross examine the witness at my preliminary hearing as to framing me in order to spend time with the witnesses boy friend. Consequently there is no prior opportunity to cross examine a witness prior to a preliminary hearing, see Crawford, 541 U.S. at 68. Confrontation clause violated because the District court refusal to allow defendant to cross-examine co-conspirator about the possibility of being framed, preventing the defendant from presenting a defense.

The Petitioner was denied his constitutional right to waive a Jury trial on 5/31/13 and 6/07/13 and 6/12/13. See Duncan V. La., 391 U.S. 145, 153 (1968). Fed. R. Crim. P. 23(a). If a defendant is entitle to jury trial, it must be by jury, unless defendant waives jury trial in writing government consents and court approves.

On 6/21/13, after the court refused to allow me to enter a guilty plea by denying me access to the court on 6/18/2013 while I was being held in the bull pen or court holding cell, I made a constitutional speedy Trial demand on 6/11/13 but the court refused my request. The speedy Trial provisions were designed to prevent oppressive pre-trial incarceration, anxiety and concern by the accused, impairment of defenses and the element of the possibility that consecutive sentences will be imposed. See Green V. State, 75 wis. 2d 631, 250 NW. 2d 305. The right to a speedy trial attaches at the time of arrest of formal charge, but the remedy is to vacate the sentence or dismiss the indictment. See Strunk V. U.S. 412 U.S. 431, 440 (1973).

The Milwaukee County Circuit Court in joint conduct with state actors under color of state law allowed me to enter a guilty plea in case Nos. 2013CF1453, 2013CF1501 and 2014CF1664. However, the state prosecution dismissed and amended a number of criminal charges in accordance with a plea aggreement offered by the

LEGAL 2700

states prosecutor. However, the Petitioner objected to the proceedings contending he refused to enter into a plea agreement with prosecutors and appealed to the Wisconsin Supreme Court. A plea agreement procedure in general allows for a attorney for the government and the defendants attorney or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in those discussions. If the defendant pleas guilty or nolo contendere to either a charged offence or a lesser or related offense, the plea agreement must specify that the attorney for the government will specify that it will not bring or will move to dismiss other charges, recommend or agree not to oppose the defendants request that a particular sentence or sentence range is appropriate or that a particular proceeding provision of the sentence guideline or policy statement or sentencing factor does or does not apply (such as a recommendation or request does not apply or bind the court or agree that a specific sentence or sentencing range is appropriate disposition of the case or that a particular provision of the sentencing guideline or policy statement or sentencing factor does not apply (such as a recommendation or request binding the court once the court accepts the plea agreement.

The Milwaukee County Circuit Court forced the Petitioner into a plea agreement with state prosecutors without his knowledge or consent. The parties must disclose the plea agreement in open court when the plea is offered, unless the court for good cause, allows the parties to disclose the plea agreement in camera. The court did not advise the Petitioner that he had entered into a plea agreement of the type specified in Fed. R. Crim. P(11)(c)(1), (A) or (C) Rule 11(c) (1) (B), Rule(11)(c) (1) (A) or (C) Rejecting Plea Agreement or give me an opportunity to withdraw the plea. I believed the court was finally allowing me to plead guilty after allowing appointed counsel to withdraw, who denied access to the court. The Milwaukee County Circuit Court obstructed justice by forcing me into a plea agreement without my knowledge or consent.

The Milwaukee County Circuit Court has created a system of introducing out of court statements by police in lieu of available witnesses live testimony at preliminary hearings, and prosecutors have regularly used such statements to bind defendants over for trial instead of putting available witnesses on the stand and has encouraged the creation of such statements by police to any extent. Because extra judicial testimony is easier to gather because it is ex parte. A out of court statement constitute hearsay only if it is offered to prove the truth asserted by the prosecution when police give testimonial statement at preliminary hearings. See Siva V. United States.

The Petitioner is entitled to justice, it has taken some time, it did not always go the right way in the States judicial system. There are policy and procedures to work with on the whole, that work against disabled minority defendants. Without a clean legal system thats fair and accommodating. The misuse of power, possessed by virtue of state law and made possible to judicial officials because they are cloth with authority of state law. See U.S. V. Classic, 313 U.S. 299, 326 (1941) see also Pacatt V. Taylor U.S 527, 535 (1981) It is sufficient that he or she is a willful participant in joint activity with state agents e.g. Ablott V. Lobsham, 147 F.3d 141-48 (3rd cir.1998) private party who conspired with state actor to deprive me of constitutional rights, acted under color of state law. Milwaukee County Court Commissioner abuse his authority when acting under color of state law issued

LEGAL 270032

order to court personnel within the Milwaukee County Sheriff Depart
ment to produce the Petitioner for Initial Appearence in case No 2013CF
2453. Therefore, Sheriff Officials assembled a squad team of court
personnel, with the assistance of K-9 unit. Although Milwaukee Coun
ty Sheriff Officials informed the court that the Petitioner suffered
a mild heart attack and was under doctor order for bed rest in the Jails
Infirmary. Where, I developed chest pains and was evaluated by a
nurse, who referred me to the Milwaukee County Jails Doctor. After
examination, the doctor indicated the Petitioner had a mild heart at
tack) and prescribed heart medication and 24 hours observa-
tion within the jails infirmary on June 3, 2013. Where Milwaukee Coun
ty Sheriff Department Official charged into the Jails Infirmary with
the use of excessive force, I was yanked out the bed by court personnel and a
pair of pants was forced onto my body. I was restrained to a restraint
Chair, with no shirt or shoes and a bag was placed over my head. At that
point I was taken to Intake court where I met with a state Public
Defender staff attorney. I repeated my request to conduct my own de
fense by pleading guilty and waiving jury trial to explain to the court
in a bench trial that I was excluded from treatment programs and
services on probation on account of my disability in misdemeanor case Nos. 12
CM4145 and 12CM5521 in which I was being charged with felony repeater
crime in 13CF2453. after being denied rehabilitation.

Consequently the attorney indicated that I could not appear in court
without shoes or shirt and with a bag on my head. Therefore sheriff
officials retaliated against the Petitioner by taking him to the Jails disci-
plinary pod/unit 40. Where I was yanked from the restraint chair while still
strap down reinjuring my poor conditioned back. causing excruciating
pain. I was picked up and carried up two flights of stairs to a empty
cell without even a mattress in it. I was sexually assaulted when officer
squeezed and crushed my testicles and performed a unnecessary cavity
search. I was punched, kicked, slammed, stomped, beaten and choked into
unconsciousness due to positional esphyxia. I was left unconscious in
the empty cell naked with a back injury bruising, scratches and anal tears.
See Estelle V. Gamble, 429 U.S. at 105, intentionally interfering with treatment
by court Commissioner David Sweet prescribed by doctor. Also see Gaines V. United
States, 458 F. Appx 415, 416 (5th Cir. 2012), The Milwaukee county Sheriff refused to
provide prescribed heart medication when I complained of worsening heart condi-
tion problems complained of chest pains.

While convicted prisoners may be punished as long as the Eighth Amendment is
not violated by cruel and unusual punishishment, pre-trial detainees cannot be
be punished prior to an adjudication of guilt in accordance with due process
of law. See Bell V. Wolfish, 441 U.S. 520, 535, 545 (1979) (noting that pretrial de
tainees who have not been convicted of any crimes retain at least those con
ditions (constitutional) rights enjoyed by prisoners; are similarly protect
ed by the Due Process Clause. See e.g. Lewis V. Downey 581 F. 3d 467 474 (7th
Cir, 2009).

The Milwaukee County Sheriff Department does not adhere to the PREA Prison
Rape Elimination Act, however the Sheriff has a Wisconsin constitutional au-
thority to determine how to carry out duties and can elect to privatize those
duties. That specifically directs that the Sheriff must act personally or by means
of his under sheriff, like providing food for jail inmates; does not strip sheriff
of constitutional protections they may have regarding those duties Milwaukee
County Sheriff Deputy Association V. Clerk, 2009 WI App, Wis 2d 772 NW 216. A
Milwaukee County circuit court Judge, Daniel Konkol ruled that the prosecutor is

LEGAL 27003

not required to engage in plea negotiations with a former Milwaukee County Jail Guard charged with sexually assaulting a inmate. Ex guard Xavier Thicklen, who may have been a part of a squad of Sheriff Court personnel, that raped and tortured me on 6/03/13 was charged with having a on going sexual relationship with a female inmate who was jailed on robbery charges, and had five sexual encounters with Thicklin within the jail. I was denied due process and equal protection by Sheriff officials after filing a litany of Milwaukee County Jail grievance forms reporting sexual assault, battery and denial of adequate medical treatment to constitute cruel and unusual punishment. Sexual abuse of a prisoner or rape by staff is, by definition, a malicious and sadistic use of force. See Smith v. Cochran, 339 F. 3d 1205, 1212-13 (10th Cir 2003) Also see Wilskinner V. Uphoff, 234 F. Supp. 2d 1208 (D. Wyo 2002)(de facto policy of failing to investigate assaults constitute deliberate indifference Assailants that beat and raped the petitioner had committed similar attacks previously and facility personnel at the Milwaukee County Jail continued to inadequately staff court escort personnel. In 2012 the United States maintain its position as the world's leader in incarcerated prisoners. The U.S. Supreme Court decision is the most important decision in Brown V. Plata, the Prison Rape Elimination Act and increasing prison over sight in the field in nearly a quar ter century. 131 S. Ct. 1910, 179 L. Ed 2d 969 (2011). The case was focused on inadequate medical and mental health care system afforded to prisoners in California. The court decision is also note worthy for its unqualified language in support of the essential human dignity retained by incarcerated individuals and courts rule in the enforcement of that dignity. 42 U.S.C.A. §15607 (2003). The passage and Implementation of the Prison Rape Elimination Act (PREA): Legal Endogeneity and the Uncertain Road from Symbolic Law to Instrumental Effects, 22 Stan. L. & Poly Rev. 4B(2011) Analizing the manner in which prison rape as an issue has been construct ed through testimony academics and that the ministries argue that laws are effective by the entities they relate (regulate) and that the correctional industry is one reason why symbolic law and policy such as the proposed national PREA Commission standers regarding prison rape, had not been trans formed into legal binding requirements. However, Sexual assault of a pre trial detainee can constitute a violation of the Eighth Amendment. 42 U.S.C. §15601(13). PREA requires that facilities adopt a zero tolerance approach to this form of abuse. 42 USC §15602(1). Even before the PREA was passed, courts agreed that rape or sexual assault of prisoners by correctional officers violates the Eighth Amendment. Farmer V. Brennan, 511 U.S. 825 (1994). Schwenk V. Hartford, 204 F. 3d 1187 (9th Cir 2000). Schwenk involved the rape of a male prisoner, but the court held that the gender of the guard and victim in the case did not make a legal difference. Similarly, the Due Process Clause protects detainees.

Prisoners may avail themselves of the statutory protections that ensure the disabled reasonable accommodations afforded by Title II of the Americans with Disabilities Act (42 U.S.T. §12131, et seq.)(Title II and §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)(section501) The ADA applies to all state and local government programs, even those ordered in court proceedings for conditions of release on probation or parole and extended supervision? See e.g. Pennsylvania Dept. of Correction V. Yeskey, 524 U.S. 206, 213 (1998) Finding that Title II unambiguously allows a prisoner to sue a state prison). Therefore, does Title II

LEGAL 270032

of the ADA allow state prisoners sue judicial Officials for injunctive relief to correct the constitutional deprivation of statutory protections to ensure intellectually disabled defendants are provided reasonable accommodations in court proceedings pursuant to 42 U.S.C. § 12131?

The ADA prohibits a public entity from discriminating against a qualified individuals with a disability on account of that disability 12 U.S.C. §11132. The statute further defines public entity to include (A) any state or local government (B) any department, agency, special district or other instrumentality of a state or state or local government, and (c) the National Railroad Passenger Corporation and any other commuter authority (as defined in section 24102 (4) of Title 49). 42 U.S.C. § 12131(1) The Rehabilitation Act provides, in pertinent part, that no otherwise qualified individual with a disability... shall solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a). The statute further defines program or activity to include all of the operations of... a department, agency, special purpose district, or other instrumentally of a state or of a local government. 29 U.S.C. § 794(b).

Many courts have applied the Turner test to prisoners ADA and Rehabilitation Act claims, dispite it being unclear whether this was a congressional intent. The Supreme court has held that prisoners can seek damages under Title II if the conditions they are challenging would also violate the Constitution. U.S. V Georgia 546 U.S. 151 (2006) (remanding the case for further consideration after finding that the prisoner claims were evidently based, at least in large part, on conduct that independently violated the provisions of § 1 of the Fourteenth Amendment in or porating the Eighth Amendments prohibition against cruel and unusual punishment see e.g. Hale V. King, 642 F.3d 492, 503 (5th cir. 2011). Injunctive and declaratory relief available under Title II and section 504. see Hotto V. Finney, 437 U.S. 678, 690 (1978)(even if the Eleventh Amendment grants the state immunity from retroactive relief (citing Ex parte Young, 209 U.S. 123 (1908) and Edelman V. Jorden 415 U.S. 651 (1994))); McCarthy V. Hawkins, 381 F.3d 407, 417 (5th cir. 2004); Henrietta D. V. Bloomberg 331 F.3d 261, 288 (2d cir. 2003).

The Petitioner is unable to conform his petition in a second amended petition using the form provided or address the problems identified in the lower courts July 21, 2016 order. However the court has refused to accommodate my intellectual disability specifically after informing that court that I was a qualified individual under Title II of the ADA with a intellectual disability and I am being denied participation in court proceeding solely by reason of my disability in the denial of benefit of counsel and subject to discrimination in habeas proceedings in Smith V. Foster 16-cv-004 slc, because my disability requires accommodations in order the provide fair proceedings that comports with due process. I believe the failure to ac commodate me or consider my disability affected the fairness of proceedings in the lower court thus far. I am unable to file amended complaint or petition to identify the precise nature of my constitutional violations under the ADA in court proceedings without assistance of counsel.

I am requesting this court accommodate me in this appeal due to the tactics employed by the lower court to change the Federal Question presented

LEGAL 270032

in the U.S. District Court, Does the Americans with Disabilities Act Protect Criminal Defendants in State Prosecutions?

It's a maxim not to be disregarded, that general expression in every opinion are to be taken in connection with the case, but they must be respected, and ought not control the judgment in a subsequent suit when every point is presented for decision. The reason for this maxim is obvious, The question before the court should be investigated with care and considered in its full extent, However I am incompetent with a memory impairment that limits my ability to present all the facts of my case to the lower court as required in violation of Title II of the ADA, I believe I am being directed by the Holy Spirit in this case other principles which may serve to illustrate it after filing documented evidence of my disability in the lower court but to no avail which are considered in relation to the case but there possible hearings on all other cases are seldom completely investigated see Cohens V. Virginia, 19 U.S. (6 Wheat) 264 5 9 5 L. Ed 257 (1821)

Federal courts have used their discretion in favor of deciding issues raised for the first time on appeal where the question of public importents are involved Cohen V. West Haven Bd. of Police Commrs. 638 F. 2d 496, 500 n. 6 (2d cir. 1988)

Therefore I am requesting accommodations in these proceedings and the relief that I may be entitled too under penalty of perjury I declare that the foregoing is true and correct under penalty of perjury

Very Truly

J.M. Smith

copy to AARON R. ONEIL
Assistant Attorney General

LEGAL 270032